# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 3:54 pm, Jun 25, 2009

| | |
|---|---|
| In the matter of: | |
| WILLIAM M. BLOCKER, JR. | Chapter 12 Case Number <u>09-60002</u> |
| *Debtor* | |
| CALE BLOCKER | Chapter 12 Case Number <u>09-60003</u> |
| *Debtor* | |
| BLOCKER FARMING ENTERPRISES, L.L.C. | Chapter 12 Case Number <u>09-60004</u> |
| *Debtor* | <u>Jointly Administered</u> |
| LYNN S. WYATT and WYATT PROCESSING, L.L.P. | |
| *Movants* | |
| v. | |
| WILLIAM M. BLOCKER, JR., CALE BLOCKER, and BLOCKER FARMING ENTERPRISES, L.L.C. | |
| *Respondents* | |

## MEMORANDUM AND ORDER
## ON DEBTORS' MOTION FOR STAY PENDING APPEAL

### FINDINGS OF FACT

Debtors Cale Blocker ("Cale"), William M. Blocker, Jr. ("Bill"), and

AO 72A
(Rev. 8/82)

Blocker Farming Enterprises, LLC ("Blocker Farming") filed for Chapter 12 on January 5, 2009. Movants Lynn S. Wyatt ("Wyatt") and Wyatt Processing, LLP ("Wyatt Processing") sought relief from the automatic stay. The essence of that motion was that an order in Cale and Bill's previous bankruptcy required that they pay Wyatt and Wyatt Processing $2,462,799.81 in several installments. Upon default on said payments, Cale and Bill agreed to waive any protection under the automatic stay in any future bankruptcies. Cale and Bill later defaulted on this obligation, the present bankruptcies were filed, and Movant's moved for relief from the automatic stay. Motion, Dckt.No. 45 (April 6, 2009). This Court entered an Order and Memorandum granting Movant's motion for relief, finding that the waiver of stay protection in the previous bankruptcy was enforceable in the present bankruptcy. Order, Dckt.No. 75 (June 5, 2009). Debtors have filed a notice of appeal of this Order. Notice of Appeal, Dckt.No. 79 (June 11, 2009). Pursuant to Federal Rule of Bankruptcy Procedure 8005, Debtors have filed a Motion to Stay the enforcement of this Court's Order. Motion to Stay Order and Memorandum, Dckt.No. 80 (June 11, 2009). Movants object to this motion. Objections, Dckt.Nos. 81 & 82 (June 18, 2009).

## CONCLUSIONS OF LAW

Debtors ask this Court to stay the enforcement of the order pending the appeal of the order pursuant to Federal Rule of Bankruptcy Procedure 8005. Rule 8005 states that the "bankruptcy judge *may* suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." (emphasis added).

"In determining whether a discretionary stay should be granted, courts have adopted a four factor test that examines the following: 1) the likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the say; and 4) whether the public interest will be served, rather than disserved, by issuing the stay."

"Ordinarily, the first factor, likelihood of an appeal's success, is the most important factor when determining whether to grant a stay pending appeal. However, a movant does not always have to demonstrate a probable likelihood of success on the merits on appeal. Where the balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay, the movant need only show a 'substantial case on the merits.'" In re Arnal, 2003 WL 22709326, at *1 (Bankr.S.D.Ga. 2003)(citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Debtor has not met the burden of showing a "probable" likelihood of success on the merits on appeal. He did not demonstrate that this Court's factual findings were clearly erroneous. Furthermore, Debtor did not demonstrate any persuasive authority that would lead this Court to a different legal conclusion. However, there may still be a "substantial case on the merits" which could warrant this Court's granting the stay pending the appeal. However, that lesser burden is not applicable unless Debtor shows that the "balance of the equities" in granting a stay weigh heavily in his favor. This he has not done.

Debtor has failed to prove that Movants will not suffer substantial harm if the stay is granted. Debtor's argument on this point is focused on the contention that the real estate that Cale and Bill own could be sold in ninety days for just under $2.5 million. Because Debtor contends that the Wyatts claims in their entirety are slightly under $2 million, this leaves a theoretical equity cushion of $500,000.00 which might protect their interest during the pendency of an appeal. I reject that contention for the following reasons. In scheduling that debt, Debtors must necessarily be taking the amount of the claim set in the earlier Consent Order in this case and reducing it by the amount of subsequent payments. However, Cale and Bill's entire effort in the underlying order is to undo a portion of that same Consent Order wherein they agreed that the automatic stay would not prevent Wyatt and Wyatt Processing from realizing on their collateral if another bankruptcy were filed. If, in fact, Cale and Bill are to have this second bite at the apple, then I can only conclude that Wyatt and Wyatt Processing would as well. They have filed a claim in this case of over $2.8 million of which $2.5 million plus is claimed to be secured. Based on these numbers, there is no equity in the property as of the date of filing to form the basis for any protection of the Movants' interest. In addition, interest, even under the Consent Order, was to accrue at a rate of eight percent per annum. Real estate property taxes are accruing which, if they remain unpaid, take a first priority position ahead of the secured interest of the Wyatts and the Wyatts will incur attorney's fees to defend this appeal.

Second, the public interest will not be served by issuing the stay. In this rather unique case, the issuance of a stay pending appeal would permit the Debtor to do

indirectly what I have previously ruled he cannot do directly. That is, circumvent the terms of this Court's previous Consent Order in which all issues between Debtors and the Movants were resolved, resulting in a substantial reduction in the claim held by the Movants combined with an agreement by Cale and Bill not to claim the benefit of an automatic stay if they subsequently filed any bankruptcy case. Despite the clear and unambiguous terms of that Order, Debtors filed another bankruptcy and in defense of a Motion for Relief from Stay, attempted to reopen that issue. In my Order, which is currently under appeal, I found that the waiver of automatic stay protection in the Consent Order was enforceable not only because of collateral estoppel, but because I found prospective relief to be appropriate. I concluded that the resolution between the parties evidenced by that Consent Order "served the salutary purpose of reaching finality in litigation, judicial economy, and compromise. It was approved by this Court. Failing to enforce it would make a charade of the entire process and leave parties to be disinclined to settle cases. That path I refuse to follow." <u>Memorandum and Order</u>, Dckt. No. 75, pg. 8 (June 5, 2009).

In assessing the public interest element of the Motion for Stay Pending Appeal, I reaffirm those findings and hold that those conclusions demonstrate clearly that the public interest is best served if the parties are not permitted to make a mockery of the previous final Consent Order as would be the result if a stay pending appeal were granted. I can fathom no public interest that is served, or at least none that is more important than this, were I to agree to stay the issue pending appeal. Only the private interests of Cale and Bill would be served as I have already found, and that interest would have the potential of

substantially harming the Movants.  *See* <u>S.C. of Okaloosa, Inc. v. Brignac</u>, 2006 WL 2356007, at *4 (W.D.La. Aug. 14, 2006)("the public interest is served by 'upholding the integrity of settlement agreements'.").

Thus, Debtors have failed to prove or establish that the second of the three elements exist in this case.  Because they have failed to do that, it is not necessary to address the third element.  That is whether they would be irreparably harmed absent a stay.  While I do not accept the notion that they would be irreparably harmed because they still maintain a state law forum to litigate any issues they may have with the Wyatts, I rule that even if they are harmed by the absence of a stay, the weight of the equities clearly falls on the side of refusal to issuance of the stay and the Motion is therefore DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 25th day of June, 2009.